UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARREN ESTIVENSON,

    Plaintiff,

vs.                                CASE NO.:

STRETCH ZONE WINDERMERE, LLC,
a Florida Limited Liability Company, and
MATT SEABERG, Individually,

    Defendants.     /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DARREN ESTIVENSON, by and through the undersigned attorney, sues the Defendants, STRETCH ZONE WINDERMERE, LLC, a Florida Limited Liability Company, and MATT SEABERG, Individually, and alleges:

1. Plaintiff, DARREN ESTIVENSON, was an employee of Defendants and brings this action for unpaid overtime compensation, retaliation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, DARREN ESTIVENSON was an employee who worked at Defendants' property within the last three years in Orange County, Florida.

3. Plaintiff, DARREN ESTIVENSON, worked as a stretch instructor.

4. Plaintiff, DARREN ESTIVENSON, worked for Defendants as a piece rate paid employee earning $10.00 per stretch session.

5. At all times material to this cause of action, Plaintiff, DARREN ESTIVENSON, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours

1

worked.

6. Defendant, STRETCH ZONE WINDERMERE, LLC, is a Limited Liability Company that operates and conducts business 4750 The Grove drive, Suite 156, Windermere, Florida 34786, and is therefore, within the jurisdiction of this Court.

7. Defendant, STRETCH ZONE WINDERMERE, LLC, offers advanced practitioner-assisted stretching to its customers.

8. Defendants seek to provide improvements to overall health, injury prevention, and recovery of athletes. *See* www.StretchZone.com

9. At all times relevant to this action, MATT SEABERG was an individual resident of the State of Florida, who owned and operated STRETCH ZONE WINDERMERE, LLC, and who regularly exercised the authority to: (a) hire and fire employees of STRETCH ZONE WINDERMERE, LLC; (b) determine the work schedules for the employees of STRETCH ZONE WINDERMERE, LLC, and (c) control the finances and operations of STRETCH ZONE WINDERMERE, LLC. By virtue of having regularly exercised that authority on behalf of STRETCH ZONE WINDERMERE, LLC, MATT SEABERG is/was an employer as defined by 29 U.S.C. § 201, et seq.

10. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

12. During Plaintiff's employment with Defendants, Defendant, STRETCH ZONE WINDERMERE, LLC, earned more than $500,000.00 per year in gross sales.

13. Defendant, STRETCH ZONE WINDERMERE, LLC, employed approximately ten

(10) employees and paid these employees plus earned a profit from their business.

14. During Plaintiff's employment, Defendant, STRETCH ZONE WINDERMERE, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as towels, exercise bands, medicine balls, stretch bands, yoga mats, and other tools/materials used to run the business.

15. Therefore, at all material times relevant to this action, Defendant, STRETCH ZONE WINDERMERE, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

16. Additionally, Plaintiff, DARREN ESTIVENSON, was/is individually covered under the FLSA.

### FLSA Violations

17. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

18. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

19. Specifically, Plaintiff received his piece rate pay ($10.00 per session) regardless of the number of overtime hours worked during the workweek.

20. Stretch sessions are generally scheduled in half-hour increments.

21. Plaintiff routinely worked twelve (12) hour shifts for Defendant upwards of six (6) days a week.

22. Plaintiff is entitled to the half-time premium for all hours worked in excess of forty

3

(40) per week based on his weekly calculated hourly rate.

23. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

24. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above as though stated fully herein.

26. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

27. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

28. Plaintiff was paid his piece rate ($10.00/session) regardless of how many overtime hours were worked in the workweek.

29. Defendants have failed provide accurate overtime compensation for numerous pay periods.

30. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

31. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

32. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per

work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

33. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

34. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DARREN ESTIVENSON demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this  28  day of May, 2019

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff